UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

KARL T. HOYLE,
              *Plaintiff-Appellant,*

v.

NATIONAL CREDIT UNION
ADMINISTRATION; YOLANDA TOWNSEND
WHEAT; DENNIS DOLLAR,
Individually and in their official
capacities as Members of the Board;
WILLIAM E. REUKAUF, Individually
and in his official capacity as
Acting Special Counsel,
              *Defendants-Appellees.*

No. 00-2085

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-00-865)

Submitted: March 13, 2001

Decided: April 25, 2001

Before WILKINS, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James J. Butera, Dennis M. Hart, BUTERA & ANDREWS, Washington, D.C., for Appellant. Helen F. Fahey, United States Attorney,

Rachel C. Ballow, Assistant United States Attorney, Alexandria, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Karl T. Hoyle appeals the district court's order granting the Appellees' motion to dismiss under Fed. R. Civ. P. 12(b)(6). Hoyle was a schedule C federal employee who served as Executive Director at the National Credit Union Administration ("NCUA"). Hoyle was terminated by the NCUA Board of Directors ("the Board"), which voted two to one to terminate Hoyle's employment based on his responsibility for illegal employment practices. The dissenting vote was offered by Board Chairman Norman E. D'Amours. Hoyle asserts only D'Amours held the power to terminate his employment.

Because the district court considered materials outside the parties' pleadings, we construe its action in granting Appellees' motion as granting summary judgment. *See* Fed. R. App. P. 12(b). In reviewing an appeal from a district court's grant of summary judgment, this court conducts a review de novo, assessing whether there is a genuine question of material fact, drawing all factual contentions and justifiable inferences to favor the nonmovant. *See, e.g.*, *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 606 (4th Cir. 1999). A district court's dismissal of a plaintiff's action for failure to state a claim is also reviewed de novo, construing factual allegations in the light most favorable to the plaintiff, and is appropriate where "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Randall v. United States*, 95 F.3d 339, 343 (4th Cir. 1996) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

We conclude the district court correctly determined that Hoyle failed to state a wrongful termination claim. The Board's powers are

established by the Federal Credit Union Act, 12 U.S.C. §§ 1751-1766 (1994) ("the Act"). Under the Act, the Board, not the Chairman, is the head of the NCUA. The Board has power over all executive functions. 12 U.S.C. § 1766(d). The NCUA Chairman acts as the Board's spokesperson and representative. 12 U.S.C. § 1752(e). The Board, as head of the NCUA, has authority to appoint and terminate employees. 12 U.S.C. § 1766(i); *In re Hennen*, 38 U.S. (13 Pet.) 230, 259 (1839).

Since the Act provided clear authority for the Board to terminate Hoyle's employment, Hoyle's claim of wrongful termination fails even when the factual allegations are construed in the light most favorable to him. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*